JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Henry Fermi and AFC 2011, LLC

**DEFENDANTS**

Progressive Capital, LLC., et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

L. Anthony DiJiacomo, III, Weisberg Law 7 S. Morton Ave., Morton, PA 19070 P: 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [x] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331; 18 U.S.C. §§ 1961-1968

Brief description of cause:
RICO Enterprise case

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/18/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Phialdelphia, PA
_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
   If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

***A.*** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☒ 16. All Other Federal Question Cases. *(Please specify):* RICO Act

***B.*** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| **HENRY FERMI** | : |
| | : |
| And | : |
| | : |
| **AFC 2011, LLC** | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| **PROGRESSIVE CAPITAL, LLC** | : |
| C/O Agent, Peter Brooks | : |
| 100 International Drive, 23rd Floor | : |
| Baltimore, MD 21202 | : |
| | : |
| AND | : |
| | : |
| **IPP-BALTIMORE, LLC** | : |
| d/b/a IPP Baltimore, LLC | : |
| C/O Agent, Peter Brooks | : |
| 100 International Drive, 23rd Floor | : |
| Baltimore, MD 21202 | : |
| | : |
| AND | : |
| | : |
| **IPP USA, LLC** | : |
| C/O Agent, Peter Brooks | : |
| 100 International Drive, 23rd Floor | : |
| Baltimore, MD 21202 | : |
| | : |
| AND | : |
| | : |
| **ABC CAPITAL INVESTMENTS, LLC** | : |
| C/O Agent, Peter Brooks | : |
| 100 International Drive, 23rd Floor | : |
| Baltimore, MD 21202 | : |
| | : |
| AND | : |
| | : |
| **ABC CAPITAL RE LTD.** | : |
| C/O Agent, Peter Brooks | : |
| 100 International Drive, 23rd Floor | : |
| Baltimore, MD 21202 | : |

1

:
AND                                              :
                                                 :
**ABC CAPITAL RE**                               :
C/O Agent, Peter Brooks                          :
100 International Drive, 23rd Floor    :
Baltimore, MD 21202                              :
                                                 :
    AND                       :
                                                 :
**ABC CAPITAL MIAMI LLC**                        :
C/O Agent, Peter Brooks                          :
100 International Drive, 23rd Floor    :
Baltimore, MD 21202                              :
                                                 :
    AND                       :
                                                 :
**ABC CAPITAL BALTIMORE, LLC**                   :
C/O Agent, Peter Brooks                          :
100 International Drive, 23rd Floor    :
Baltimore, MD 21202                              :
                                                 :
    AND                       :
                                                 :
**ABC MANAGEMENT –**                             :
**BALTIMORE, LLC**                               :
d/b/a ABC Management Baltimore, LLC              :
C/O Agent, Peter Brooks                          :
100 International Drive, 23rd Floor    :
Baltimore, MD 21202                              :
                                                 :
    AND                       :
                                                 :
**ABC CAPITAL FINANCE, LLC**                     :
C/O Agent, Peter Brooks                          :
100 International Drive, 23rd Floor    :
Baltimore, MD 21202                              :
                                                 :
    AND                       :
                                                 :
**ABC CAPITAL HOLDINGS, LLC**                    :
C/O Agent, Peter Brooks                          :
100 International Drive, 23rd Floor    :
Baltimore, MD 21202                              :
                                                 :
    AND                       :

**ABC CAPITAL INCOME FUND, LLC**                    :
C/O Agent, Peter Brooks                              :
100 International Drive, 23rd Floor                   :
Baltimore, MD 21202                                  :
                                                     :
      AND              :
                                                     :
**ABC CAPITAL REALTY, LLC**                          :
C/O Agent, Peter Brooks                              :
100 International Drive, 23rd Floor                   :
Baltimore, MD 21202                                  :
                                                     :
      AND              :
                                                     :
**ABC HORIZONS, LLC**                                :
C/O Agent, Peter Brooks                              :
100 International Drive, 23rd Floor                   :
Baltimore, MD 21202                                  :
                                                     :
      AND              :
                                                     :
**PHILLY METRO BUILDERS, LLC**                       :
C/O Agent, Peter Brooks                              :
F/K/A Home Cash 1031, LLC                            :
100 International Drive, 23rd Floor                   :
Baltimore, MD 21202                                  :
                                                     :
      AND              :
                                                     :
**MD FIRST CONSTRUCTION**                            :
**COMPANY, LLC**                                     :
C/O Agent, Peter Brooks                              :
100 International Drive, 23rd Floor                   :
Baltimore, MD 21202                                  :
                                                     :
      AND              :
                                                     :
**USA REBUILDERS, LLC**                              :
C/O Agent, Peter Brooks                              :
100 International Drive, 23rd Floor                   :
Baltimore, MD 21202                                  :
                                                     :
      AND              :
                                                     :
**STATESIDE-PHILLY, LLC**                            :

C/O Agent, Peter Brooks                  :
100 International Drive, 23rd Floor          :
Baltimore, MD 21202                      :
                                         :
      AND                                  :
                                         :
**WALL STREET WEALTH**                   :
**MANAGEMENT, LLC**                      :
11532 W. 183rd St., # SE                   :
Orland Park, IL 60467                    :
                                         :
      AND                                  :
                                         :
**UTG MIAMI LLC**                        :
1600 Ponce De Leon Dr., Ste. 1000        :
Coral Gables, FL 33134                   :
                                         :
      AND                                  :
                                         :
**JASON "JAY" WALSH**                    :
100 International Drive, 23rd Floor          :
Baltimore, MD 21202                      :
                                         :
      AND                                  :
                                         :
**AMIR VANA**                            :
100 International Drive, 23rd Floor          :
Baltimore, MD 21202                      :
                                         :
      AND                                  :
                                         :
**YARON ZER**                            :
100 International Drive, 23rd Floor          :
Baltimore, MD 21202                      :
                                         :
      AND                                  :
                                         :
**PETER BROOKS**                         :
100 International Drive, 23rd Floor          :
Baltimore, MD 21202                      :
                                         :
      AND                                  :
                                         :
**ALEJANDRO TABOSKY**                    :
1600 Ponce De Leon Dr., Ste. 1000        :
Coral Gables, FL 33134                   :

```
                                    :
        AND                         :
                                    :
CASTLE TITLE LLC                    :
P.O. Box 214                        :
Stevenson, MD 21153                 :
                                    :
        AND                         :
                                    :
JOHN DOES 1-10                      :
                                    :
            Defendants.             :
```

---

## COMPLAINT

### I.    INTRODUCTION

1.    Plaintiffs, Henry Fermi and AFC 2011, LLC, bring this action against a variety of businesses and individuals that, in conjunction with one another, operated as a corrupt organization under the Racketeer Influenced and Corrupt Organizations Act in a sophisticated ponzi scheme.

2.    The RICO Enterprise marketed itself, almost exclusively to foreign investors who spoke English as a second language, as a "one-stop", "hands-off" solution to invest in "income-producing properties", i.e. rental properties located in Miami, Baltimore, Detroit, and/or Philadelphia.

3.    The RICO Enterprise represented to investors that in exchange for the amount paid for each rental property, the investor would receive one or more fully-renovated, rental properties that would be exclusively managed by the RICO Enterprise. The RICO Enterprise also offered to alternatively "flip" the fully-renovated, rental properties on behalf of their foreign investors.

4.    Plaintiffs, Henry Fermi and AFC 2011, LLC invested a total of $213,500 for the purchase and renovation of four residential properties.

5

5.      However, at no time did the RICO Enterprise intend to perform the contractual obligations that the RICO Enterprises represented to Plaintiffs.

6.      Instead, the RICO Enterprise used new investors' funds to make limited distributions to prior investors to reinforce the false narrative that the RICO Enterprises' investment scheme was sound. In reality, the RICO Enterprise operated a typical Ponzi scheme by utilizing new investor's funds to distribute to pre-existing investors owed a guaranteed fixed return.

7.      The RICO Enterprise preyed on foreign investors who did not speak English or spoke English as a second language and were unfamiliar with the procedure to purchase real estate in the United States.

8.      As a result of the RICO Enterprises' false and misleading statements, Plaintiffs and numerous other individuals acquired investment properties with the intention of receiving passive income, but were instead left with properties that were not renovated, mired with expenses including prior unpaid taxes, city fines and costs, as well as squatters.

9.      Plaintiffs discovered that the RICO Enterprise failed to transfer three of the four properties and did not make any renovations to the properties.

10.     Plaintiffs bring the RICO claim, as well as a number of state law claims, for the fraudulent and wrongful conduct of the RICO Enterprise.

**II.      JURISDICTION & VENUE**

11.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

12.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate

commerce in connection with the transactions, acts, practices and courses of business alleged herein.

13.    This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

14.    Venue is proper in this District as (i) one or more of the defendant-entities is registered to perform business within the Commonwealth of Pennsylvania; (ii) one or more of the defendant-entities has a registered place of business within this District; and, (iii) one or more of the acts, practices and courses of business alleged herein occurred within this District.

### III.    PARTIES

15.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

16.    Plaintiff, Henry Fermi, is an adult individual who may be contacted through undersigned counsel. At all material times, Plaintiff, Henry Fermi is the owner of Plaintiff, AFC 2011, LLC.

17.    Plaintiff, AFC 2011, LLC a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address.

18.    Defendant, Progressive Capital, LLC is, upon information and belief, a limited liability company existing by virtue of and operating under the laws of an unknown state of the United States, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

19.    Defendant, IPP-Baltimore, LLC doing business as IPP Baltimore, LLC ("IPP Baltimore, LLC") is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

20.    Defendant, IPP USA, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

21.    Defendant, ABC Capital Investments, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

22.    Defendant, ABC Capital RE LTD doing business as ABC Capital RE ("ABC Capital RE LTD") is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

23.    Defendant, ABC Capital Miami LLC is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

24.    Defendant, ABC Capital Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

25.    Defendant, ABC Management – Baltimore, LLC doing business as ABC Management Baltimore, LLC ("ABC Management Baltimore, LLC") is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

26.     Defendant, ABC Capital Finance, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

27.     Defendant, ABC Capital Holdings, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

28.     Defendant, ABC Capital Income Fund, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

29.     Defendant, ABC Capital Realty, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

30.     Defendant, ABC Horizons, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

31.     Defendant, Philly Metro Builder, LLC, formerly known and registered as Home Cash 1031, LLC ("Philly Metro Builder, LLC"), is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to

be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

32.    Defendant, MD First Construction Company, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

33.    Defendant, USA Rebuilders, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

34.    Defendant, Stateside-Philly, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

35.    Defendant, Wall Street Wealth Management, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise.

36.    Defendants, Progressive Capital, LLC, IPP Baltimore, LLC, IPP USA, LLC, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital Miami LLC, ABC Capital Baltimore, LLC, ABC Management Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Horizons, LLC, Philly Metro Builder, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, Stateside-Philly, LLC, Wall Street Wealth Management, LLC shall be collectively referred to

herein as the "Walsh Entities". Upon information and belief, the Walsh Entities operate at the direction and under the control of Defendant, Jason "Jay" Walsh.

37.    Defendant, UTG Miami LLC is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with an agent believed to be authorized to accept service at the above-captioned address. Defendant is a member of the RICO Enterprise and is member-managed by Defendant, Alejandro Tabosky.

38.    Defendant, Jason "Jay" Walsh is an adult individual with a primary workplace at the above-captioned address and/or an agent believed to be authorized to accept service at the above-captioned address. Defendant, Jason "Jay" Walsh is personally knowledgeable of and directs the "pattern of racketeering activities" described herein; and is a member of the RICO Enterprise.

39.    Defendant, Amir Vana is an adult individual with a primary workplace at the above-captioned address and/or an agent believed to be authorized to accept service at the above-captioned address. Defendant, Amir Vana is personally knowledgeable of and participates in "pattern of racketeering activities" described herein; and is a member of the RICO Enterprise.

40.    Defendant, Yaron Zer is an adult individual with a primary workplace at the above-captioned address and/or an agent believed to be authorized to accept service at the above-captioned address. Defendant, Yaron Zer is personally knowledgeable of and participates in "pattern of racketeering activities" described herein; and is a member of the RICO Enterprise.

41.    Defendants, Jason "Jay" Walsh, Amir Vana, Yaron Zer, shall be collectively referred to herein as the "Walsh Partners".

42.    Defendant, Peter Brooks is an adult individual with a primary workplace at the above-captioned address. Upon information and belief, Defendant, Peter Brooks is personally

knowledgeable of and participates in "pattern of racketeering activities" described herein; and is a member of the RICO Enterprise.

43.    Defendant, Alejandro Tabosky is an adult individual with a primary workplace at the above-captioned address and/or an agent believed to be authorized to accept service at the above-captioned address. Upon information and belief, Defendant, Alejandro Tabosky is personally knowledgeable of and participates in "pattern of racketeering activities" described herein; and is a member of the RICO Enterprise.

44.    Defendant, Castle Title LLC is a limited liability company existing by virtue of and operating under, upon information and belief, the laws of the State of Maryland, with a primary address used in Maryland State court proceedings located at the above-captioned address.

45.    Defendant, John Does 1-10 is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

46.    The term "RICO Enterprise" herein will refer collectively to the Walsh Entities, Walsh Partners, UTG Miami LLC, Peter Brooks, Alejandro Tabosky, and John Does 1-10.

**IV.    OPERATIVE FACTS**

47.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

**BACKGROUND**

48.     The Walsh Partners formed Defendant, ABC Capital Investments, LLC in or around March 2011. However, it is believed and therefore averred that by Defendant, Jason "Jay" Walsh, among others, founded an even earlier entity in or around 2004.

49.     Over at least the past approximately fourteen years, the Walsh Partners created a network of entities, including, but not limited to, the Walsh Entities.

50.     Defendant, Jason "Jay" Walsh, with the consent, knowledge, and/or participation of Defendants, Amir Vana and Yaron Zer, used the Walsh Entities to defraud foreign investors who were led to believe that the foreign investors were investing in income-producing real estate in the United States.

51.     As foreign investors began to bring lawsuits against the various "ABC"-branded entities, the Walsh Partners pivoted to the brand of "IPP", which stands for income producing properties, in order to continue operating their fraudulent schemes. Nonetheless, as litigants began to associate the "IPP"-branded entities, the Walsh Partners pivoted again to other brands, such as "Progressive Capital".

52.     The foreign investors who brought the aforementioned lawsuits include, but are not limited to:

   a.     thirty-three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116);

   b.     two plaintiffs in *Dr. Jose Michan-Levy, et al v. ABC Capital Investments, LLC, et al* (EDPA 21-01917);

   c.     two plaintiffs in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188);

    d.      one plaintiff in *Nova Home Group, LLC v. ABC Capital Investments, LLC, et al* (EDPA 22-04377);

    e.      two plaintiffs in *Anibal Orrico, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-03960);

    f.      three plaintiffs in *Ricardo Oved, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04345);

    g.      three plaintiffs in *Javier Opocynski, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04368);

    h.      four plaintiffs in *Dr. Javier Rossi, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00260);

    i.      four plaintiffs in *Walter Gomez, et al v. ABC Capital Investments, LLC, et al* (EDPA No. 23-00048); and,

    j.      two plaintiffs in *Facundo Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

53.    Upon information and belief, Defendant, Jason "Jay" Walsh has been prosecuted for fraudulent conduct pertaining to the "ABC"-branded entities.

54.    With each "pivot", the scheme directed by Defendant, Jason "Jay" Walsh evolved. Nonetheless, each scheme involves a ponzi-like approach directed at foreign nationals who do not have prior experience purchasing investment properties in the United States and generally either do not read or speak English or only have a limited ability to do so.

55.    Moreover, the RICO Enterprise marketed itself to the foreign nationals as a "one-stop shop" that would manage all aspects of the investment and selected real estate.

56.    As a result, the RICO Enterprise was able to control the "information" known by foreign investors and create a narrative that was only believable as a result of the foreign investors lack of experience in real estate transactions in the United States.

57.    Moreover, the RICO Enterprise was able to perpetuate their ponzi-scheme, in part, because the registered addresses of the entities it formed on behalf of their victims were at properties controlled, owned, or managed by the members of the RICO Enterprise.

58.    Based upon this control, the RICO Enterprise was able to continue the perpetuation of their fraudulent schemes as their victims never received the various correspondences from local governments regarding the various issues at the properties.

59.    In addition to controlling the registered offices of the entities it formed on behalf of their victims, the RICO Enterprise also owned, managed, or controlled the related parties responsible for property management and renovations as described *infra.*

60.    By controlling the related entities responsible for the repairs of the properties and using new victim's investments to repay prior victims' guaranteed rental income, the RICO Enterprise was able to disguise the course of the funds and the status of the properties capacity to collect rental income.

### REPRESENTATIONS ON SELECT WEBSITES OF THE WALSH ENTITIES

61.    Defendant, ABC Capital Miami, LLC maintains a website at www.abccapitalmiami.com, which, as of March 18, 2021,  describes it's "Product" as follows:

**IPP**

*IPP / Income Producing Properties*

IPP are high performing properties in growing markets with great potential due to
the high occupancy rate and demand for rentals, the increase in property prices
and the low property taxes.

The ABC Capital team analyzes the potential of each property in detail. Once acquired and stabilized, we proceed to the complete remodeling and lease to then offer them to our clients.

In this way, each property is prepared, individually or in groups, as IPP.

The administration of the properties includes maintenance, sending income for rent and reports to our clients offering a comprehensive solution for foreign investors.

*See* Exhibit A, Pages 1-2.

62.    Defendant, ABC Capital Miami, LLC's website, as of March 18, 2021, represents on its

website that it has "designed a process that allows us to develop a high performance [sic]

product", describing that "process" as follows:

1. SEARCH AND PURCHASE - We do an extensive search and analysis to define the best available properties and acquire them with great benefits.

2. REHABILITATION PROGRAM - A detailed and full remodeling process, completed by professionals. This process includes: structural adjustments/improvements, electrical and plumbing systems, drywall, kitchen and more.

3. LEASE PROGRAM - Once the property is remodeled, we proceed to lease it, ensuring returns above 9% per year.

4. PROPERTY ADMINISTRATION - We take care of the administration including the following: – Receive the rent[,] – Pay expenses[,] – Monitor repairs[,] – Send a monthly account statement.

5. PROPERTY SALE - At this point, the property enters our system, is listed in our sales inventory and offered to investors as a stable option for their portfolio.

*See* Exhibit A, Page 3.

63.    Defendant, ABC Capital RE, LTD maintains a website at

www.abccapitalinvestments.com, which, as of March 18, 2021, represents to prospective clients

that:

ABC Capital RE, LTD offers a totally passive way to hold Real Estate. No physical or administrative involvement is required from our clients. By working with ABC, you retain legal control through your own entity or in your personal name but we handle the rest of your affairs if you wish. Everything regarding your property is cared for by ABC Capital RE, LTD."

*See* Exhibit B, Page 1

64.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, further explains on

its "About ABC Capital" page that:

> ABC Capital RE, LTD is a one-stop shop for overseas and US real estate clients.
> We locate, renovate, and manage properties for hands off international/national
> clients.  You do not have the risk of buying securities but instead your real estate
> properties remain in your own separate legal entity. ABC has presented our
> unique value proposition all over the world including cities and countries such as
> London, Singapore, Tel Aviv, Monaco, and New York. Our rental properties are
> cash-flow producing in the Philadelphia residential markets.

*See* Exhibit B, Page 4.

65.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, represents how it

works:

> 1. Choose your income property – ABC researches and locates the best rental
> properties to compliment our investor's needs and portfolio. Our clients just need
> to select a property from our stock. Normal range for our properties is from
> $25,000 to $50,000.

> 2. We renovate it for you – The ABC Capital RE, LTD team will renovate your
> property in a maximum of 120 days. Our team has renovated and developed over
> 1,000  properties. You will receive a finished product with no effort on your part.
> The normal cost of our renovations range from $35,000 to $100,000. The cost of
> renovation is guaranteed by ABC Capital RE, LTD.

> 3. Start receiving your rental income – You will receive your first monthly
> payment never later than 121 days after your purchase and every 30 days
> thereafter via electronic funds transfers.  First year rent income is guaranteed and
> starting the second year you may be able to get rent insurance if you so choose.
> Return on Investments are 14%+ yearly, in addition to property appreciation.

*See* Exhibit B, Page 2.

66.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, further represents to

prospective clients the following "Highlights":

> Home Warranty – We fully renovate the properties, including a new roof with a
> 15-year warranty, but clients also receive a 1-year home warranty (from June
> 2016, it will only be 6 months) that covers your property for all damages and

repairs needed within the first year of your purchase. No maintenance expenses during the first year!

Rent Protect – ABC Capital ensures that your monthly payment is delivered to you without fail. Yes, a guarantee that payments are made to you for the first year after purchase. You may choose to pay for that insurance (if available ) in the 2nd and succeeding years.

Electronic Monthly Payments  – Every month, your Return On Investment is sent to you via electronic funds transfer. Just provide us with the proper wiring instructions and your payments are sent automatically.

*See* Exhibit B, Page 2.

67.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, also explained its

"Full Renovations" to prospective clients, stating:

 After you purchase a property from our catalog, our sister company, Philly Metro Builders will conduct a FULL renovation. This includes new boiler and new roofing (15 years warranty), so the property will have very little or no maintenance during the next years. The full renovation is conducted in less than 90 days after the purchase of your home.

*See* Exhibit B, Page 3.

68.    Defendant, IPP USA, LLC maintains a website with similar representations. *See* Exhibit

C.

69.    Plaintiffs reasonably and justifiably depended upon the foregoing representations from

Plaintiffs viewed on the aforementioned websites in deciding to invest funds with Defendants.

## ENTITIES' ROLES IN THE RICO ENTERPRISE

70.    The Walsh Partners created a network of ABC affiliates that work in conjunction with

each other in the Miami, Baltimore, and Philadelphia markets, including, but not limited to the

Walsh Entities. Specifically:

a.    Defendants, ABC Capital Investments, LLC, ABC Capital Miami, LLC and ABC

Capital Baltimore, LLC, Progressive Capital, LLC, IPP-Baltimore, LLC, IPP

USA, LLC acted at the "face" of the ponzi scheme;

18

    b.   Defendant, ABC Capital RE LTD, ABC Horizon, LLC, and ABC Capital RE acted as vehicles to purchase and sell the various properties;

    c.   Defendant, ABC Management Baltimore, LLC, which, upon information and belief, focuses on the renovation and management of real estate in the greater Baltimore area;

    d.   Defendants Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, Stateside-Philly, LLC, acted at the purported renovators / contractors who took the renovations funds but did not actually renovate properties;

    e.   Defendant, Wall Street Wealth Management, LLC provided mortgages to potential client-victims when the client-victims could not fully pay for the inflated costs of the property to enable the Defendants to later foreclose and churn the properties to future client-victims;

    f.   Defendants, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Horizons, LLC,  are all additional members of RICO Enterprise that serve "back-office", rather than client-facing, aspects of the RICO Enterprise.

71.    The RICO Enterprise also include various members that represented and organized themselves as independent actors, who were in fact members of the RICO Enterprise and helped funnel victim-clients to the RICO Enterprise. It is believed and therefore averred that one such individual was Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC.

72.     Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC continued to market the ponzi scheme, via radio advertisements, in at least one foreign country, Venezuela, through 2025 well after he could claim the lack of knowledge of the RICO Enterprise.

## RECRUITMENT OF PLAINTIFFS

73.     Plaintiff, Henry Fermi first learned of an income-producing property investment scheme through the "ABC" entities from Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC.

74.     Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC explained that he could coordinate investments into income-producing properties through the ABC" entities.

75.     As if from a script, Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC represented the mechanisms of the income-producing property investment scheme almost verbatim as the representations set forth on the aforementioned websites.

76.     Plaintiff, Henry Fermi would not have invested in the income-producing property investment scheme but for the trust he placed in Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC.

77.     Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC was Plaintiff, Henry Fermi's sole contact with Defendants prior to making the investments described herein.

78.     At the direction of Defendant, Alejandro Tabosky of Defendant, UTG Miami LLC, Plaintiff transferred sums of money via wire as described *infra.*

## 1335 WARD STREET, BALTMORE, MD 21230

79.     On or about December 6, 2022, Plaintiff, AFC 2011, LLC entered into a Real Estate Contract of Sale to purchase a residential property located at and known as 1335 Ward Street, Baltimore, MD 21230 (the "Ward Property") from Defendant, IPP Baltimore, LLC for $49,000. *See* Exhibit D, Page 1.

80.    The Real Estate Contract of Sale was executed by Defendant, Jason "Jay" Walsh on behalf of Defendant, IPP Baltimore, LLC. *See* Exhibit D.

81.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate the entire Ward Property at a cost of $6,500, including*, inter alia,* (i) demolition of the entire home; (ii) new electric; (iii) new plumbing; (iv) new roof; (v) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit D, Pages 7-10.

82.    Settlement occurred on or about December 8, 2022.

83.    On or about December 8, 2022, Plaintiff wired $52,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the Ward Property. *See* Exhibit E.

84.    On or about December 8, 2022, Plaintiff wired an additional $6,500 to an account held by Defendant, ABC Management Baltimore, LLC, ending in x4009, to pay for the demolition and full renovation of the Ward Property.  *See* Exhibit F.

85.    However, at the time of settlement, on or about December 8, 2022, no Defendant owned the Ward Property which Defendant, IPP Baltimore, LLC purported to sell to Plaintiff, AFC 2011, LLC.

86.    Contrary to the Real Estate Contract of Sale, per the Settlement Statement, the seller was purportedly Non-Party, JV 1335 Ward, LLC – not Defendant, IPP Baltimore, LLC as per the Real Estate Contract of Sale. *Compare* Exhibit D, Page 1 with Exhibit G, Page 1.

87.    To date, the Ward Property has never been transferred to Plaintiffs. As of March 24, 2025, the Ward Property remains titled in the name of Non-Party, JV 1335 Ward, LLC.

88.    It is believed and therefore averred that Defendant, IPP Baltimore, LLC never possessed the authority to sell the Ward Property to Plaintiff.

89.    Additionally, Defendant, Castle Title LLC failed to return the $52,500 that Plaintiff wired directly to it in the intervening years despite numerous demands.

90.    Similarly, it is believed and therefore averred that Defendant, ABC Management Baltimore, LLC failed to make *any* renovations to the Ward Property. Defendant, ABC Management Baltimore, LLC likewise failed to return the $6,500 that Plaintiff wired directly to it in the intervening years despite numerous demands.

## 2131 E. OLIVER STREET, BALTIMORE, MD 21213

91.    On or about March 3, 2023, Plaintiff, AFC 2011, LLC entered into a Real Estate Contract of Sale to purchase a residential property located at and known as 2131 East Oliver Street, Baltimore, MD 21213 (the "Oliver Property") from Defendant, Progressive Capital, LLC for $25,000. *See* Exhibit H, Page 1.

92.    Upon information and belief, the Real Estate Contract of Sale was executed by Defendant, Jason "Jay" Walsh on behalf of Defendant, Progressive Capital, LLC.

93.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, MD First Construction, LLC contractually agreed to renovate the entire Oliver Property at a cost of $16,500, including*, inter alia,* (i) demolition of the entire home; (ii) new electric; (iii) new plumbing; (iv) new roof; (v) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit H, Pages 7-9.

94.    Settlement occurred on or about March 10, 2023.

95.    On or about March 3, 2023, Plaintiff wired $28,500 to an account held by Non-Party, Dulaney Title Escrow LLC for the purchase of the Oliver Property.

96.    On or about March 3, 2023, Plaintiff wired an additional $16,500 to an account held by Defendant, MD First Construction, LLC to pay for the demolition and full renovation of the Oliver Property.  *See* Exhibit I.

97.    However, at the time of settlement, on or about December 8, 2022, no Defendant owned the Oliver Property which Defendant, Progressive Capital, LLC purported to sell to Plaintiff, AFC 2011, LLC.

98.    Contrary to the Real Estate Contract of Sale, per the Settlement Statement, the seller was purportedly Non-Party, Katana Properties, LLC – not Defendant, Progressive Capital, LLC as per the Real Estate Contract of Sale. *Compare* Exhibit H, Page 1 with Exhibit J, Page 1. However, the Subject Property was titled in the name of Non-Party, Shird Lawrrence Janeiro.

99.    To date, the Oliver Property has never been transferred to Plaintiffs. As of March 24, 2025, the Oliver Property remains titled in the name of Non-Party, Shird Lawrrence Janeiro.

100.    It is believed and therefore averred that Defendant, Progressive Capital, LLC never possessed the authority to sell the Oliver Property to Plaintiff.

101.    However, Non-Party, Dulaney Title Escrow LLC discovered that Defendant, Progressive Capital, LLC did not have authority to sell the Oliver Property to Plaintiff and returned the $28,500 that Plaintiff wired directly to it.

102.    Nonetheless, it is believed and therefore averred that Defendant, MD First Construction, LLC failed to make *any* renovations to the Oliver Property. Defendant, MD First Construction, LLC likewise failed to return the $16,500 that Plaintiff wired directly to it in the intervening years despite numerous demands.

## 3912 PENNINGTON AVENUE, BALTIMORE, MD 21226

103.    On or about January 24, 2023, Plaintiff, AFC 2011, LLC entered into a Real Estate Contract of Sale to purchase a residential property located at and known as 3912 Pennington Avenue, Baltimore, MD 21226 (the "Second Pennington Property") from Defendant, Progressive Capital, LLC for $23,000. *See* Exhibit K, Page 1.

104.    Upon information and belief, the Real Estate Contract of Sale was executed by Defendant, Jason "Jay" Walsh on behalf of Defendant, Progressive Capital, LLC.

105.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, MD First Construction, LLC contractually agreed to renovate the entire Ward Property at a cost of $23,00000, including, *inter alia,* (i) demolition of the entire home; (ii) new electric; (iii) new plumbing; (iv) new roof; (v) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit K, Pages 7-9.

106.    Settlement occurred on or about January 30, 2023.

107.    On or about January 24, 2023, Plaintiff wired $27,000 to an account held by Non-Party, Dulaney Title Escrow LLC for the purchase of the Second Pennington Property.

108.    On or about January 30, 2023, Plaintiff wired an additional $25,000 to an account held by Defendant, MD First Construction, LLC, ending in x5692, to pay for the demolition and full renovation of the Second Pennington Property.  *See* Exhibit L.

109.    However, at the time of settlement, on or about January 30, 2023, no Defendant owned the Second Pennington Property which Defendant, Progressive Capital, LLC purported to sell to Plaintiff, AFC 2011, LLC.

110.    Contrary to the Real Estate Contract of Sale, per the Settlement Statement, the seller was Non-Party, FNA DZ, LLC – not Defendant, Progressive Capital, LLC as per the Real Estate Contract of Sale. *Compare* Exhibit K, Page 1 with Exhibit M, Page 1.

111.    Nonetheless, on or about March 23, 2023, the Second Pennington Property was transferred into Plaintiff, AFC 2011, LLC's name.

112.    However, Defendant, MD First Construction, LLC failed to make *any* renovations to the Second Pennington Property. Defendant, MD First Construction, LLC likewise failed to return the $25,000 that Plaintiff wired directly to it in the intervening years despite numerous demands.

### 4924 PENNINGTON AVENUE, BALTIMORE, MD 21226

113.    On or about November 30, 2022, Plaintiff, AFC 2011, LLC entered into a Real Estate Contract of Sale to purchase a residential property located at and known as 4924 Pennington Avenue, Baltimore, MD 21226 (the "First Pennington Property") from Defendant, IPP Baltimore, LLC for $37,500. *See* Exhibit N, Page 1.

114.    Upon information and belief, the Real Estate Contract of Sale was executed by Defendant, Jason "Jay" Walsh on behalf of Defendant, IPP Baltimore, LLC.

115.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management Baltimore, LLC contractually agreed to renovate the entire First Pennington Property at a cost of $34,000, including*, inter alia,* (i) demolition of the entire home; (ii) new electric; (iii) new plumbing; (iv) new roof; (v) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit N, Pages 7-10.

116.    Settlement occurred on or about December 1, 2022.

117.    On or about December 1, 2022, Plaintiff wired $37,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the First Pennington Property. *See* Exhibit O.

118.    On or about December 1, 2022, Plaintiff wired $3,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the First Pennington Property. *See* Exhibit P.

119.    On or about December 1, 2022, Plaintiff wired an additional $34,000 to an account held by Defendant, ABC Management Baltimore, LLC, ending in x4009, to pay for the demolition and full renovation of the First Pennington Property. *See* Exhibit Q.

120.    However, at the time of settlement, on or about December 1, 2022, no Defendant owned the First Pennington Property that Defendant, IPP Baltimore, LLC purported to sell to Plaintiff, AFC 2011, LLC.

121.    Contrary to the Real Estate Contract of Sale, per the Settlement Statement, the seller was purportedly Non-Party, Ernest R. Branch – not Defendant, IPP Baltimore, LLC as per the Real Estate Contract of Sale. *Compare* Exhibit N, Page 1 with Exhibit R, Page 1.

122.    To date, the First Pennington Property has never been transferred to Plaintiffs. Instead, on or about September 19, 2023, Non-Party, Ernest R. Branch sold the First Pennington Property to Non-Party, Juicenet Investments LLC, in whose name the First Pennington Property remains as of March 24, 2025.

123.    It is believed and therefore averred that Defendant, IPP Baltimore, LLC never possessed the authority to sell the First Pennington Property to Plaintiff.

124.    Additionally, Non-Party, Castle Title LLC failed to return the $41,000 that Plaintiff wired directly to it in the intervening years despite numerous demands.

125.    Similarly, it is believed and therefore averred that Defendant, ABC Management Baltimore, LLC failed to make *any* renovations to the First Pennington Property. Defendant, ABC Management Baltimore, LLC likewise failed to return the $34,000 that Plaintiff wired directly to it in the intervening years despite numerous demands.

126.    As a result of controlling the sales, renovations, lease, and management of the various properties *and* the lack of innocent involved parties therein, the RICO Enterprise was able to

control the "information" known by foreign investors and create a narrative that was only believable as a result of the foreign investors lack of experience in real estate transactions in the United States.

127.    As a result of all of the foregoing, Defendants caused substantial harm to Plaintiffs.

## V.    CAUSES OF ACTION

### <u>COUNT I</u>
**Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")**
*Plaintiffs v. Defendants, Progressive Capital, LLC, IPP Baltimore, LLC, IPP USA, LLC, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital Miami LLC, ABC Capital Baltimore, LLC, ABC Management Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Horizons, LLC, Philly Metro Builder, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, Stateside-Philly, LLC, Wall Street Wealth Management, LLC, UTG Miami LLC, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, Alejandro Tabosky, and John Does 1-10*

128.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

129.    Plaintiffs are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

130.    Defendants, Progressive Capital, LLC, IPP Baltimore, LLC, IPP USA, LLC, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital Miami LLC, ABC Capital Baltimore, LLC, ABC Management Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Horizons, LLC, Philly Metro Builder, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, Stateside-Philly, LLC, Wall Street Wealth Management, LLC, UTG Miami LLC, as well as Individual-Defendants, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, Alejandro Tabosky, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

131.    Defendants, Progressive Capital, LLC, IPP Baltimore, LLC, IPP USA, LLC, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital Miami LLC, ABC Capital Baltimore, LLC, ABC Management Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Horizons, LLC, Philly Metro Builder, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, Stateside-Philly, LLC, Wall Street Wealth Management, LLC, UTG Miami LLC, as well as Individual-Defendants, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, Alejandro Tabosky, and John Does 1-10acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiffs, through a ponzi-like scheme surrounding "income producing properties" as described in detail herein.

132.    Defendants, Progressive Capital, LLC, IPP Baltimore, LLC, IPP USA, LLC, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital Miami LLC, ABC Capital Baltimore, LLC, ABC Management Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC Horizons, LLC, Philly Metro Builder, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, Stateside-Philly, LLC, Wall Street Wealth Management, LLC, UTG Miami LLC, as well as Individual-Defendants, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, Alejandro Tabosky, and John Does 1-10 formed an enterprise and association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

133.    The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

134.     The RICO Enterprise engaged in a pattern of indictable conduct, including conduct

indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud),

- - via the use of fraudulent emailed communications and advertisements to obtain and deceive

victims, as well as wire transfers to obtain the victim's funds in a fraudulent matter - and 18

U.S.C. 1952 (relating to racketeering) – through the ponzi-like use of incoming investors funds

to pay prior investors falsely-characterized "guaranteed rent" payments – in that the RICO

Enterprise made use of the facilities of interstate commerce in furtherance of its ponzi-like

scheme to defraud individuals, including, but not limited to, Plaintiffs herein as well as the thirty-

three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC,*

*et al* (EDPA No. 19-6116); two plaintiffs in *Dr. Jose Michan-Levy, et al v. ABC Capital*

*Investments, LLC, et al* (EDPA 21-01917); two plaintiffs in *Shlomy Erba, et al v. ABC Capital*

*RE, LTD., et al* (EDPA 22-03188); one plaintiff in *Nova Home Group, LLC v. ABC Capital*

*Investments, LLC, et al* (EDPA 22-04377); two plaintiffs in *Anibal Orrico, et al v. ABC Capital*

*Investments, LLC, et al* (EDPA 22-03960); three plaintiffs in *Ricardo Oved, et al v. ABC Capital*

*Investments, LLC, et al* (EDPA 22-04345); three plaintiffs in *Javier Opocynski, et al v. ABC*

*Capital Investments, LLC, et al* (EDPA 22-04368); four plaintiffs in *Dr. Javier Rossi, et al. v.*

*ABC Capital Investments, LLC, et al* (EDPA 23-00260); three plaintiffs in *Gustavo Marquez, et*

*al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00606); and, two plaintiffs in *Facundo*

*Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

135.     The members of the RICO Enterprise each committed at least two acts or otherwise aided

and abetted such acts.

136.     The members of the RICO Enterprise acted with the specific intent to engage in the

substantive RICO violations.

29

137.    The predicate acts were not isolated, but rather the acts of the Defendants were related in that they had the same or similar purpose and result, participants, victims, and method of commission.

138.    This pattern of racketeering activities is further supported by the predicate acts set forth by the thirty-three plaintiffs in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116); two plaintiffs in *Dr. Jose Michan-Levy, et al v. ABC Capital Investments, LLC, et al* (EDPA 21-01917); two plaintiffs in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188); one plaintiff in *Nova Home Group, LLC v. ABC Capital Investments, LLC, et al* (EDPA 22-04377); two plaintiffs in *Anibal Orrico, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-03960); three plaintiffs in *Ricardo Oved, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04345); three plaintiffs in *Javier Opocynski, et al v. ABC Capital Investments, LLC, et al* (EDPA 22-04368); four plaintiffs in *Dr. Javier Rossi, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00260); three plaintiffs in *Gustavo Marquez, et al. v. ABC Capital Investments, LLC, et al* (EDPA 23-00606); and, two plaintiffs in *Facundo Rainone, et al v. ABC Capital Investments, LLC, et al* (EDPA 23-00446).

139.    The members of the RICO Enterprise committed acts constituted indictable offenses under 18 U.S.C. 1343 (relating to wire fraud) and 18 U.S.C. 1952 (relating to racketeering) in that they devised or intended to devise a scheme to defraud their victim-clients, including Plaintiffs, to obtain money from their victim-clients by means of false or fraudulent pretenses, representations, or promises.

140.    For purposes of executing their scheme, the members of the RICO Enterprise caused delivery of various documents by means of wire communication in interstate and foreign commerce.

141.    The members of the RICO Enterprise committed the predicate acts intentionally and knowingly with the specific intent to advance the RICO Enterprises' scheme.

142.    The members of the RICO Enterprise carried out their scheme in different states, countries, and continents and could not have done so without the use of interstate and foreign wires. Moreover, in furtherance of their scheme, the members of the RICO Enterprise communicated amongst themselves and with Plaintiffs in furtherance of the scheme to defraud their victim-clients. These communications were typically transmitted by wire (i.e. electronically).

143.    Defendants' predicate acts constitute a course of conduct spanning a period of at least 2019 through 2023, and may be ongoing, with the intent to obtain money through false representations, fraud, deceit and other unlawful means.

144.    The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Florida, the State of Maryland, and the Commonwealth of Pennsylvania, as well as overseas. Upon information and belief, the RICO Enterprise also engages in and affects interstate commerce in the State of Michigan and the State of Missouri.

145.    As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

146.    Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

### COUNT II
**Fraud**
*Plaintiffs v. Defendants, Alejandro Tabosky & UTG Miami LLC.*

147.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

148.    Defendants, Alejandro Tabosky & UTG Miami LLC represented to Plaintiffs that the foregoing scheme was legitimate investment scheme despite knowledge of the ponzi-scheme.

149.    Defendants, Alejandro Tabosky & UTG Miami LLC represented to Plaintiffs that they would coordinate the sale, and renovation, of four specific properties to Plaintiffs despite knowledge of the ponzi-scheme.

150.    Defendants, Alejandro Tabosky & UTG Miami LLC, represented to Plaintiffs that they had the authority to coordinate sale, and renovation, of four specific properties to Plaintiffs despite knowledge of the ponzi-scheme.

151.    Defendants, Alejandro Tabosky & UTG Miami LLC coordinated the sale, and renovation, of four specific properties to Plaintiffs with the intent that the properties would not be renovated and the funds paid therefore would be misappropriated.

152.    Defendants, Alejandro Tabosky & UTG Miami LLC coordinated the sale, and renovation, of four specific properties to Plaintiffs with the intent that one or more properties would not be transferred to Plaintiffs.

153.    Plaintiffs justifiably depended upon the representations of Defendants, Alejandro Tabosky & UTG Miami LLC to Plaintiffs' financial detriment.

### COUNT III
**Negligent Misrepresentation**
*Plaintiffs v. Defendants, Alejandro Tabosky & UTG Miami LLC.*

154.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

155.    Defendants, Alejandro Tabosky & UTG Miami LLC recklessly, carelessly, and/or negligently represented to Plaintiffs that the foregoing scheme was legitimate investment scheme when Defendants knew or should have known of the ponzi-scheme.

156.    Defendants, Alejandro Tabosky & UTG Miami LLC recklessly, carelessly, and/or negligently represented to Plaintiffs that they would coordinate the sale, and renovation, of four specific properties to Plaintiffs when Defendants knew or should have known of the ponzi-scheme

157.    Defendants, Alejandro Tabosky & UTG Miami LLC, recklessly, carelessly, and/or negligently represented to Plaintiffs that they had the authority to coordinate sale, and renovation, of four specific properties to Plaintiffs when Defendants knew or should have known of the ponzi-scheme

158.    Defendants, Alejandro Tabosky & UTG Miami LLC coordinated the sale, and renovation, of four specific properties to Plaintiffs when Defendants knew or should have known that the properties would not be renovated.

159.    Defendants, Alejandro Tabosky & UTG Miami LLC coordinated the sale, and renovation, of four specific properties to Plaintiffs when Defendants knew or should have known that one or more properties would not be transferred to Plaintiffs.

160.    Plaintiffs justifiably depended upon the representations of Defendants, Alejandro Tabosky & UTG Miami LLC to Plaintiffs' financial detriment.


## <u>COUNT IV</u>
### Breach of Contract / Corporate Veil Piercing (Ward Property)
*Plaintiffs v. Defendant, IPP Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

161.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

162.    Plaintiffs entered into a contract with Defendant, IPP Baltimore, LLC for the purchase of the Ward Property. *See* Exhibit D.

163.    Plaintiffs paid Defendant, IPP Baltimore, LLC the full amount due the purchase of the Ward Property. *See* Exhibits E, F, & G.

164.    Defendant, IPP Baltimore, LLC breached the subject contract by failing to cause the transfer of the Ward Property to Plaintiffs.

165.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, IPP Baltimore, LLC with their own personal funds and operated Defendant, IPP Baltimore, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, IPP Baltimore, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, IPP Baltimore, LLC, to be held personally liable.

## <u>COUNT V</u>
### Breach of Contract / Corporate Veil Piercing (Ward Property)
*Plaintiffs v. Defendant, ABC Management Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

166.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

167.    Plaintiffs entered into a contract with Defendant, ABC Management Baltimore, LLC for the renovation of the Ward Property. *See* Exhibit D.

168.    Plaintiffs paid ABC Management Baltimore, LLC the full amount due for the renovation of the Ward Property. *See* Exhibits E, F, & G.

169.    Defendant, ABC Management Baltimore, LLC breached the subject contract by failing to renovate the Ward Property.

170.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, IPP Baltimore, LLC with their own personal funds and operated Defendant, ABC Management Baltimore, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, ABC Management Baltimore,

LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, ABC Management Baltimore, LLC, to be held personally liable.

## COUNT VI
### Breach of Contract / Corporate Veil Piercing (Oliver Property)
*Plaintiffs v. Defendant, Progressive Capital, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

171.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

172.    Plaintiffs entered into a contract with Defendant, Progressive Capital, LLC for the purchase of the Oliver Property. *See* Exhibit H.

173.    Plaintiffs paid Defendant, Progressive Capital, LLC the full amount due the purchase of the Oliver Property. *See* Exhibits I & J

174.    Defendant, Progressive Capital, LLC breached the subject contract by failing to cause the transfer of the Oliver Property to Plaintiffs.

175.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, Progressive Capital, LLC with their own personal funds and operated Defendant, Progressive Capital, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, Progressive Capital, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, Progressive Capital, LLC, to be held personally liable.

## COUNT VII
### Breach of Contract / Corporate Veil Piercing (Oliver Property)
*Plaintiffs v. Defendant, MD First Construction, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

176.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

177.    Plaintiffs entered into a contract with Defendant, MD First Construction, LLC for the renovation of the Oliver Property. *See* Exhibit H.

178.    Plaintiffs paid MD First Construction, LLC the full amount due for the renovation of the Oliver Property. *See* Exhibits I & J.

179.    Defendant, MD First Construction, LLC breached the subject contract by failing to renovate the Oliver Property.

180.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, MD First Construction, LLC with their own personal funds and operated Defendant, MD First Construction, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, MD First Construction, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, MD First Construction, LLC, to be held personally liable.

<u>**COUNT VIII**</u>
**Breach of Contract / Corporate Veil Piercing (Second Pennington Property)**
*Plaintiffs v. Defendant, MD First Construction, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

181.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

182.    Plaintiffs entered into a contract with Defendant, MD First Construction, LLC for the renovation of the Second Pennington Property. *See* Exhibit K.

183.    Plaintiffs paid MD First Construction, LLC the full amount due for the renovation of the Second Pennington Property. *See* Exhibit L.

184.    Defendant, MD First Construction, LLC breached the subject contract by failing to renovate the Second Pennington Property.

185.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, MD First Construction, LLC with their own personal funds and operated Defendant, MD First Construction, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, MD First Construction, LLC to

be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members

and operators of Defendant, MD First Construction, LLC, to be held personally liable.

## COUNT VI
### Breach of Contract / Corporate Veil Piercing (First Pennington Property)
*Plaintiffs v. Defendant, IPP Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, & Yaron Zer*

186.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

187.    Plaintiffs entered into a contract with Defendant, IPP Baltimore, LLC for the purchase of

the First Pennington Property. *See* Exhibit N.

188.    Plaintiffs paid Defendant, IPP Baltimore, LLC the full amount due the purchase of the

First Pennington Property. *See* Exhibits O & P.

189.    Defendant, IPP Baltimore, LLC breached the subject contract by failing to cause the

transfer of the First Pennington Property to Plaintiffs.

190.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana,

and Yaron Zer intermingled the funds of Defendant, IPP Baltimore, LLC with their own personal

funds and operated Defendant, IPP Baltimore, LLC as a slush fund thereby providing grounds

for the corporate veil of operated Defendant, IPP Baltimore, LLC to be pierced and that

Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of

Defendant, IPP Baltimore, LLC, to be held personally liable.

## COUNT VII
### Breach of Contract / Corporate Veil Piercing (First Pennington Property)
*Plaintiffs v. Defendant, ABC Management Baltimore, LLC, Jason "Jay" Walsh, Amir Vana, &*
*Yaron Zer*

191.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

192.    Plaintiffs entered into a contract with Defendant, ABC Management Baltimore, LLC for

the renovation of the Oliver Property. *See* Exhibit N.

193.    Plaintiffs paid ABC Management Baltimore, LLC the full amount due for the renovation of the First Pennington Property. *See* Exhibits O & P.

194.    Defendant, ABC Management Baltimore, LLC breached the subject contract by failing to renovate the First Pennington Property.

195.    It is believed that discovery will reveal that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer intermingled the funds of Defendant, MD First Construction, LLC with their own personal funds and operated Defendant, MD First Construction, LLC as a slush fund thereby providing grounds for the corporate veil of operated Defendant, MD First Construction, LLC to be pierced and that Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, as the members and operators of Defendant, MD First Construction, LLC, to be held personally liable.

## COUNT VIII
### Conversion
*Plaintiffs v. Defendant, Castle Title, LLC*

196.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

197.    On or about December 8, 2022, Plaintiffs wired $52,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the Ward Property. *See* Exhibit E.

198.    Defendant, Castle Title LLC knew or should have known the Walsh Entities and Walsh Partners did not have authority to sell the Ward Property.

199.    Defendant, Castle Title LLC has retained the $52,500 and failed to return the funds to Plaintiffs.

200.    On or about December 1, 2022, Plaintiff wired $37,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the First Pennington Property. *See* Exhibit O.

201.    On or about December 1, 2022, Plaintiff wired $3,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the First Pennington Property. *See* Exhibit P.

202.    Defendant, Castle Title LLC knew or should have known the Walsh Entities and Walsh Partners did not have authority to sell the First Pennington Property.

203.    Defendant, Castle Title LLC has retained the $41,000 and failed to return the funds to Plaintiffs.

**COUNT IX**
**Unjust Enrichment**
*Plaintiffs v. Defendant, Castle Title, LLC*

204.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

205.    On or about December 8, 2022, Plaintiffs wired $52,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the Ward Property. *See* Exhibit E.

206.    Defendant, Castle Title LLC knew or should have known the Walsh Entities and Walsh Partners did not have authority to sell the Ward Property.

207.    Defendant, Castle Title LLC has retained the $52,500 and failed to return the funds to Plaintiffs.

208.    On or about December 1, 2022, Plaintiff wired $37,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the First Pennington Property. *See* Exhibit O.

209.    On or about December 1, 2022, Plaintiff wired $3,500 to an account held by Defendant, Castle Title LLC, ending in x5750, for the purchase of the First Pennington Property. *See* Exhibit P.

210.     Defendant, Castle Title LLC knew or should have known the Walsh Entities and Walsh Partners did not have authority to sell the First Pennington Property.

211.     Defendant, Castle Title LLC has retained the $41,000 and failed to return the funds to Plaintiffs.

212.     It would be unjust under the circumstances for Defendant, Castle Title LLC to retain the aforementioned sums.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, by and through their undersigned counsel, respectfully demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000, including all direct, compensatory, and consequential damages, plus statutory and punitive damages, attorney fees and costs, as appropriate, and such other and further relief as this Honorable Court deems necessary and just.

    Respectfully Submitted,

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg
PA Attorney Id. No.: 85570
Gary Schafkopf
Attorney Id. No.: 83362
L. Anthony DiJiacomo, III
PA Attorney Id. No.: 321356
7 S. Morton Avenue
Morton, PA 19070
O: (610) 690-0801
F: (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
gary@schaflaw.com
*Attorneys for Plaintiffs*